## Village of Walnut, Appellee, v. Julius Barnett, Appellant.

### Gen. No. 4,899.

1. ORDINANCE—*who itinerant merchant within meaning of li-
cense ordinance.* When a man becomes an itinerant merchant,
he is as much so at the first place to which he goes as the third,
fifth or tenth, and one who rents a store building for one week,
engages board for a like period of time and advertises to sell his

wares for a period of four days, is an itinerant merchant within the meaning of an ordinance requiring that itinerant merchants take out licenses.

2. ORDINANCES—*who liable for penalty for failure to take out itinerant merchant license.* One who acts for the owner of merchandise sought to be sold in the itinerant merchant way is liable to the payment of the penalty provided by an ordinance in the event of the failure to take out a license as provided for therein.

3. ORDINANCES—*when itinerant merchant license fee not unreasonable. Held,* that an ordinance which requires an itinerant merchant to pay a license fee of five dollars per day, is not unreasonable.

Action commenced before justice of the peace. Appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 22, 1908.

W. C. GRAVES, for appellant.

M. A. STIVER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The act of June 16, 1887 (Hurd's Revised Statutes, 1905, p. 303), gives the president and board of trustees of villages power "to license, tax, regulate, suppress or prohibit itinerant merchants and transient venders of merchandise." The village of Walnut had in force section 25 of chapter 14 of its revised ordinances, which read as follows: "The license fee for an itinerant merchant who brings a stock of goods into this village temporarily to sell at auction or otherwise, or to sell a floating stock of merchandise at auction or otherwise, shall be five dollars per day or part thereof." Section 26 provided a fine of not less than ten dollars nor more than twenty-five dollars against any person selling goods as provided in section 25, without first obtaining a license therefor. Appellant sold goods in said village on February 13, 14, 15 and 16, 1907, without obtaining a license. This suit was instituted against him on the third of said days, be-

fore a justice of the peace. On an appeal to the Circuit Court a jury was waived, proofs were heard, and the village was awarded a judgment against appellant for fifteen dollars, from which he prosecutes this appeal. No propositions of law were presented to the trial court. The litigated questions are whether appellant was an itinerant merchant, whether he was liable to the fine when he was only acting as clerk, and whether the fine fixed by the ordinance was so unreasonable as to make the ordinance void.

Max Barnett conducted a store in Pontiac, Illinois. Appellant was his brother, and was in his employ as clerk, at fifty dollars per month. Max sent appellant to Walnut with a part of his stock of dry goods. Appellant rented a storeroom in Walnut for one week, and engaged board for himself and for another clerk for one week. Appellant got out colored handbills in the name of his brother Max, in size about fourteen inches by twenty inches, headed "Manufacturers' Big Outlet Sale." This handbill was circulated extensively throughout the village and the surrounding farming community, and copies thereof were posted, and it was printed in the local newspapers. It announced several times that the sale would begin on Wednesday, February 13, at 10 A. M., and would close Saturday February 16, at 10 P. M., and named the building where the sale would be held. It announced that the advertiser would sell a big line of men's and ladies' clothing, lace curtains, and ladies' and gents' furnishing goods, at fifty to sixty cents on the dollar. It enumerated between 135 and 140 different kinds of articles for sale, giving both the original price and the selling price of most of them, and in most cases showing a reduction of from 25 to 50 per cent., and in some cases a reduction decidedly greater than 50 per cent. This advertisement stated that the values would outdo anything offered before in Walnut. In fact, this was not a sale by manufacturers; nor was it a sale at a discount of from 25 to 50 per cent., and above that. On the con-

trary these were second rate goods, and they were sold at a profit of from 5 to 25 per cent., according to appellant's own testimony. On the day the sale opened, he was notified by the village marshal that he must take out a license. He at once asked to see the ordinance, and upon seeing it, offered to pay one dollar per day as a license fee; but he said that five dollars per day was prohibitive, and he told the village marshal that there was a case in the 159th Illinois, at page 284, which exactly applied to his case. That case was in fact a prosecution of an itinerant merchant for failure to take out a license. Appellant conducted the sale to the end of the four days advertised, and then left town with the rest of his goods. It is contended that the proof does not show that he was an itinerant merchant, because it does not show that he had sold in this itinerant fashion at any other place except Walnut. There are some things in his testimony which indicate that he had sold for his brother in like manner at other places. He testified that he sometimes reported his sales to his brother Max twice a day, and sometimes he did not report for two or three days. That statement can hardly apply to this sale at Walnut, which only occupied four days. He testified that sometimes Max came around to see how he was conducting the business, but that Max did not come to Walnut. The implication is that Max did come around to see how he was conducting the business when he was selling at other places. His conduct in demanding to see the ordinance and offering to pay one dollar per day as a license fee, and in citing the case of the City of Carrollton v. Bazzette, 159 Ill. 284, as authority for the proposition that a license fee of five dollars per day was prohibitive, tends to indicate a knowledge on his part that he was an itinerant merchant within the meaning of the law, and shows that he was previously prepared to meet a demand of this kind. When a man becomes an itinerant merchant, he is as much so at the first place as at the third or fifth or tenth. As appellant rented this store

building for only one week, and engaged board for only one week, and advertised to sell, expressly limiting the time to four days, and as his advertisement was calculated to deceive as to values, and as he immediately removed at the end of four days, and does not testify or claim that he intended to stay any longer, we hold that the court was warranted in finding that he came there for the purpose of a brief temporary stay, to dispose of a cheap lot of goods at fictitious prices. He expected that his handbills would draw a large trade for a short time, and that he would be gone before the people ascertained that, instead of buying goods at a discount of 50 per cent., they were paying the usual merchant's profit. We think this is a proper case for the application of such an ordinance.

It is true that appellant did not own the goods, but was only acting as clerk for his brother. But he was the one actually conducting the sale and actually violating the ordinance. He was no doubt liable to its penalty therefor.

Was the license fee of five dollars per day unreasonable? It is true that if paid for a year, the fee would amount to over $1,500 per annum, and such a charge would be prohibitive, and therefore unreasonable. But this license fee was not charged to a merchant who stays or plans to stay a year. Such a one would not be an itinerant merchant, and would not be required to take out a license or pay a license fee. This license was required only of merchants who came to stay but a brief period, and who intended to then leave with their remaining goods. Appellant only planned to stay four days. He only sold goods four days. We think that five dollars per day as a license fee for so short a stay was not unreasonable, and that it would not be prohibitive; and that therefore the ordinance is not void as applied to this case. The judgment is therefore affirmed.

*Affirmed.*